EILEEN T. GALLAGHER, J., DISSENTING:
 

 {¶ 38} I respectfully dissent from the majority's determination that the trial court erred to the prejudice of Hawthorne when it informed him that he had to testify in order to advance a claim of self-defense. I agree that the trial court erroneously instructed Hawthorne that he would have to testify in order to claim self-defense. However, under the circumstances of this case, I believe we are required to review the testimony presented at trial in an effort to determine whether the trial court's misstatement of law was harmless.
 

 {¶ 39} In this case, Hawthorne exercised his right to not testify at trial despite the trial court's misstatement of law. In addition, the record reflects that defense counsel rested without presenting any witnesses. Significantly, there is nothing in the record to suggest that the trial court's misstatement of law impacted or altered the witnesses or evidence defense counsel planned on presenting at trial. Accordingly, I find no basis to remand the matter where there is no indication that any new testimony or evidence would be introduced at a new trial. In my view, this court has the necessary information to determine whether the evidence supported a self-defense instruction. The trial court's incorrect statement of law had no impact on the scope of the evidence introduced at trial
 and reversing on these grounds merely delays appellate review for a later date.
 

 {¶ 40} For the purposes of clarity, I note that if for example, Hawthorne would have testified on his own behalf based on the trial court's misstatement of law, I believe reversible error would have existed. However, that did not occur in this case.
 

 {¶ 41} Based on the forgoing, this court is obligated to review the state's evidence in order to determine whether Hawthorne could satisfy his burden of proving self-defense. If the evidence does not support the instruction, the trial court's misstatement of law would be harmless and a new trial would not be required.